**ROCHEZ BROTHERS, INC., a Pennsylvania Corporation**

v.

**Charles R. RHOADES, Appellant, et al.**

No. 74–2209.

United States Court of Appeals, Third Circuit.

Argued May 16, 1975.

Decided Nov. 20, 1975.

Ralph H. German, William S. Smith, Houston, Cooper, Speer & German, Pittsburgh, Pa., for appellee.

John A. Metz, Jr., Robert G. MacAllister, Charles B. Watkins, Pittsburgh, Pa., for appellant; W. Gregg Kerr, Jr., Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., of counsel.

Before STALEY, ROSENN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

For the third time, we are presented with an appeal arising from litigation spawned by a fraudulent stock transaction involving Charles Rhoades and Rochez Brothers, Inc. *Rochez I*[1] dealt with the liability of Rhoades for violating Rule 10b–5 of the Securities and Exchange Commission and also with the proper measure of damages; *Rochez II*[2] concerned the secondary liability of M. S. & R., Inc., the employer of Rhoades. *Rochez III,* the present appeal, asks this court to consider, *inter alia,* whether the stock that is part of the damage award has been properly valued.

---

**1.** *Rochez Bros., Inc. v. Rhoades,* 491 F.2d 402 (3d Cir. 1974).

**2.** *Rochez Bros., Inc. v. Rhoades,* 527 F.2d 880 (3d Cir. 1975).

The facts of this case have been exhaustively set forth in prior opinions by this court and by the district court. *Rochez I* and *II, supra* notes 1 and 2. It is sufficient, therefore, to summarize the events and procedural poise of this case.

Charles Rhoades was found guilty of violating Rule 10b–5. In determining damages, the district court first established that it would be unjust to award Rochez the full value of what Rhoades received from his sale of MS&R stock. The court reasoned that the increase in value of that stock was due to Rhoades' management abilities. *Rochez v. Rhoades,* 353 F.Supp. 795, 803–04 (W.D. Pa.1973). The district court held that the measure of damages should be to place Rochez in the same position it would have been in, had Rhoades disclosed the Simmonds offer.[3] That court then determined Rochez's damages and based its estimate of value on the Simmonds offer. This court in *Rochez I* affirmed Rhoades' liability but vacated and remanded to the district court so that damages could be correctly determined. In his analysis of the measure of damages, Judge Van Dusen applied the "Janigan Rule",[4] finding that the personal effort as determined by the district court was not what Janigan had intended as an exception to its rule of damages. *Rochez I, supra* at 412. Judge Van Dusen then held that the district court "erred when it refused to compute Rochez's damages on the basis of the value Rhoades received for the MS&R stock from Esterline." *Rochez I, supra* at 412. The court concluded that the "proper measure of damages is the difference between the value of 50% of MS&R stock on the basis of the Esterline purchase price and the amount Rochez received from Rhoades for his share of MS&R." *Rochez I, supra* at 412. On remand, the district court mechanically applied this formula, and it is from this determination that Rhoades appeals.

Appellant has presented several issues for review by this court.

He first contends that Rochez cannot use the rescissional or restitutional rule of damages of *Janigan* and *Affiliated Ute.*[5] Appellant reasons this is so because Rochez delayed seven months in filing his complaint after having received notice of the fraud. This issue has previously been resolved in *Rochez I.* Judge Van Dusen found that there was no unreasonable delay in filing the complaint, and the rules of damages announced in *Affiliated Ute* and *Janigan* were properly applied. *Rochez I, supra* at 415–16. We accordingly will not consider this issue.

Appellant next argues that Rochez is limited to recovering tort damages for fraud and deceit. This question has also been decided by this court in *Rochez I,* and we need not review it again. See *Rochez I, supra* at 411–12.

The third argument of appellant is that if the rescissional rule applies, the restricted Esterline stock should have been awarded in kind. We believe the Restatement of Restitution, Sections 151 and 202, compels us to reject this argument. A plain reading of these sections and the accompanying comments evinces that Rhoades is not the party having a right to elect whether Rochez is to receive the value of the Esterline stock or the actual shares of Esterline stock. That election is a privilege held by the injured party, Rochez.

Appellant finally contends that the district court erroneously valued the restricted Esterline stock that is part of the damage amount. As we mentioned earlier, Judge Van Dusen remanded the damage issue because the district court improperly determined damages. On remand, the district court applied the damage formula as outlined in *Rochez I* and, as instructed, evaluated the Esterline stock. Damages were then determined

---

**3.** The Simmonds offer was an earlier transaction by Simmonds, Inc. to purchase MS&R, Inc. See the district court's opinion at 353 F.Supp. 795, 804.

**4.** *Janigan v. Taylor,* 344 F.2d 781, 786 (1st Cir. 1965) *cert. denied,* 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965).

**5.** *Affiliated Ute Citizens v. U. S.,* 406 U.S. 128, 155, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972).

to be $2,125,000 (one-half of the $4,250,-000 cash paid by Esterline, less the $598,-000 sale price Rhoades got from Rochez, plus the value of 25,000 shares of Esterline restricted stock). The Esterline stock was valued at $1,000,000. This figure was based on the market value of Esterline shares at $53½ bid, $54½ asked, less a discount factor between twenty-five and twenty-six percent because of the restrictions on the stock.

Judge Van Dusen's opinion did not specifically instruct the district court to take further evidence regarding the value of the Esterline stock. This would indicate that the question of opening the record to take more evidence was left to the sound discretion of the district court.

■ Plaintiff, Rochez, filed a motion to open the record and take new testimony.[6] Briefs were submitted and arguments were heard regarding whether further evidence should be taken. Rochez specifically asked that testimony be taken on what proper discount factor should be applied to determine the value of the restricted Esterline stock. Arguing in opposition to Rochez's motion to reopen, Rhoades contended that plaintiff failed to carry his burden of proof as to what value should be placed on the Esterline restricted stock. The district court denied plaintiff's motion. The court held that since Rochez had urged all through trial that the Esterline stock should be the measure of damages, it must be assumed that the record would contain all facts relevant to the value of Esterline. The court further held that "judicial economy" requires that it not conduct hearings to allow plaintiff to offer more precise evidence for determining the value of the Esterline stock. The district court then examined the opinion in Rochez I and concluded that the only error in its determination of damages was that the Simmonds stock,

instead of Esterline stock, was evaluated. The court thereupon determined the market value of Esterline stock and applied a discount factor because of the restrictions. Appellant, Rhoades, now argues that this determination was erroneous because there was no evidence in the record that could establish the value of the Esterline restricted stock.

Our examination of the record fails to disclose sufficient evidence for determining the value of the Esterline stock. No testimony was ever introduced regarding discount factors for the restrictions on the stock. The only facts before the district court were the actual restrictions on the stock and the over-the-counter bid and asked prices of unrestricted Esterline stock.

■ The plaintiff has the burden of proving every element of his case, including damages that flowed from the alleged injury. The record shows that plaintiff Rochez was permitted, over strenuous objection, to introduce evidence on the value of unrestricted Esterline stock. There is, however, no evidence pertaining to a discount factor applicable to the lettered Esterline stock. It appears that Rochez failed to place into evidence all the necessary elements for an accurate determination of damages. Failure to put into evidence all the proof necessary for sustaining a judgment is generally fatal. *Youngstown Sheet & Tube Co. v. Lucey,* 403 F.2d 135, 139 (5th Cir. 1968). Further, on review, a case is ordinarily not remanded to give a party the opportunity to supply the missing evidence. *Moses Lake Homes, Inc. v. Grant County,* 276 F.2d 836, 853 (9th Cir. 1960). There are, however, certain instances in the interest of justice that call for judicial tolerance and a remand may be possible. An appellate court may remand to permit more evidence to be introduced when the

---

6. Generally, whether a trial court will reopen a case to take more testimony is discretionary with that court. In deciding whether to reopen a case, the district court should be concerned with several factors: What burden, if any, will be placed on the parties and their witnesses; what undue prejudice may result by not taking new testimony; and what consideration should be given to judicial economy. See 5A C.J.S. Appeal and Error § 1606 (1958). See also *United Mine Workers v. Gibbs,* 383 U.S. 715, 724–25, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

deficiency of proof results from a misunderstanding among the parties and the trial court. *Moses, supra;* the ambiguity of the rules of practice and procedure, *Youngstown, supra* at 140. We can find no facts in the present case to which the above circumstances would apply. However, a remand is sometimes necessary where it would insure substantial justice. *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037. Here, injury has plainly been shown and liability has been conclusively established. Damages have substantially been determined with the exception of the Esterline stock. Although the law does not command mathematical preciseness from the evidence in finding damages, sufficient facts must be introduced so that a court can arrive at an intelligent estimate without speculation or conjecture.

From the state of the present record, we know damages are to be based on the restricted Esterline stock. What is not shown by the record is evidence pertaining to the restrictions on the stock and how the value is affected because of those restrictions. The trial court did an admirable job in arriving at a value even though the calculations were based on the wrong stock.[7] As the district court said, there is little guidance for the courts in this area of lettered stock. It seems to us that it is better that a court weigh evidence on this matter as presented to it by experts rather than speculate as to what factors are, or can be considered.

Accordingly, we remand this case to the district court with instructions to take further testimony only regarding the correct discount factors that would apply to the Esterline restricted stock.

For the foregoing reasons, the case will be remanded to the district court for proceedings consistent with this opinion.

---

7. *Rochez I,* 491 F.2d 402, determined that the Esterline stock, rather than the Simmonds stock, should be valued. The court did not question whether the district court properly valued the Simmonds stock.