**JOY TECHNOLOGIES, INC., A/S Niro Atomizer, Plaintiffs,**

v.

**FLAKT, INC., Defendant.**

Civ. A. No. 89–533–JJF.

United States District Court, D. Delaware.

Oct. 2, 1995.

Collins J. Seitz, Jr., of Connolly Bove Lodge & Hutz, Wilmington, Delaware. Robert A. Schroeder, Edward G. Poplawski, and Paul D. Tripodi, of Pretty, Schroeder, Brueggemann & Clark, Los Angeles, California. Attorneys for Plaintiff Joy Technologies, Inc.

James C. Doub, Daniel R. Lanier, of Miles & Stockbridge. Attorneys for Plaintiff A/S NIRO Atomizer.

Allen M. Terrell, Jr., and Frederick L. Cottrell, III, of Richards Layton & Finger, Wilmington, Delaware. Ronald J. St. Onge, William J. Speranza, and Stephen P. McNamara, of St. Onge Steward Johnston & Reens, Stamford, Connecticut. Attorneys for Defendant Flakt, Inc.

## MEMORANDUM OPINION

FARNAN, District Judge.

This is an action for infringement of U.S. Patent No. 4,279,873 ("the '873 patent") commenced on September 28, 1989. On January 24, 1992 the Court entered judgment in favor of the Plaintiffs ("Joy" and "NIRO") based on a jury verdict that the '873 patent was valid and had been infringed. The Defendant ("Flakt") appealed, and the Federal Circuit affirmed the judgment. The Federal Circuit is currently considering Flakt's Petition for Rehearing. A damages trial before this Court was held in February of 1994 with post-trial briefing concluding the following month. To date, the Court has withheld issuing the damages opinion pending resolution of Flakt's rehearing petition. Presently before the Court is Flakt's Motion to Reopen the Damages Proceeding to Admit Newly-Discovered Evidence. (D.I. 731).

## I. THE NEW EVIDENCE

The new evidence on which Flakt relies in support of its motion is an alleged licensing negotiation between Joy and Rockwell International Corporation ("Rockwell"). The source of this new evidence is a Rockwell internal letter that Flakt asserts it first became aware of on August 11, 1994 while inspecting documents that Rockwell had withheld from Joy on the grounds of privilege.[1] Flakt argues that the letter is evidence that there was an "established" royalty rate for licensing the '873 patent based upon the size of the electricity generating plant at which the patented FGD process was used. Further, Flakt argues that the letter proves that the established royalty rate was approximately one fifth the rate that Joy's witnesses testified to at trial. Consequently, Flakt contends that the Court should reopen the damages trial in order to accept testimony concerning both the Joy–Rockwell negotiations and the supposed established royalty rate.

Joy argues that the negotiations with Rockwell were disclosed to Flakt during discovery proceedings. Specifically, Joy contends that an October 3, 1983 letter from Joy's then corporate counsel, Edward L. Levine, to Rockwell and Rockwell's subsequent response letter were disclosed to Flakt in early 1990. Therefore, Joy argues that Flakt had knowledge of the preliminary licensing discussions and either failed to adequately pursue the issue or simply made a tactical decision not to do so.[2]

## II. STANDARD FOR GRANTING A MOTION TO REOPEN

A motion to reopen to submit additional evidence is left to the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). The trial court should consider the motion to reopen "in light of all the surrounding circumstances and either grant or deny it in the interest of fairness and substantial justice." 6A James Wm. Moore et al., *Moore's Federal Practice*, § 59.04[13] (2d ed. 1995). Specifically, the trial court should consider: 1) the timing of the motion and the moving party's explanation for failing to introduce the evidence earlier, 2) whether the evidence sought to be introduced is especially important or probative and 3) whether reopening will cause undue prejudice to the nonmoving party. *Id.*; *Rivera–Flores v. Puerto Rico Telephone Co.*, 64 F.3d 742 (1st Cir.1995); *McLean v. Alexander*, 449 F.Supp. 1251, 1263 (D.Del.

---

1. This document production occurred in the parties' pending Tennessee action. *ABB Flakt, Inc. v. Joy Technologies, Inc.*, Civil Action No. 3–92–0401 (E.D.Tenn.).

2. Joy makes several other arguments that Flakt fails to meet the requirements of F.R.Civ.P.

60(b)(2) Motion For Relief From Judgment or Order. While the Court is aware that the requirements to reopen are similar to the requirements under Rule 60(b)(2), they are not the same. As a result, the Court will not discuss arguments based on Rule 60(b)(2).

1978); *rev'd* on other grounds, 599 F.2d 1190 (3d Cir.1979).

## III. *DISCUSSION*

### A. TIMING OF THE MOTION AND EXPLANATION FOR ITS DELAY

■ The damages trial ended in February 1994, and post-trial briefing was completed in March 1994. The Defendant's motion was not filed, however, until February 22, 1995. To explain its failure to either uncover the internal letter at issue or to investigate the area of licensing negotiations, the Defendant states that the new evidence was not initially discovered until August 1994. As a result, the Court will consider whether information concerning licensing negotiations between Joy and Rockwell was available to Flakt prior to the close of damages trial.

First, Flakt's contention that no documents relating to or hinting at the 1984 Joy–Rockwell negotiations were produced by Joy is incorrect. Flakt served on Joy discovery requests extending to all "... documents ... that relate to Joy or Niro licensing or attempted licensing of the '873 patent." (D.I. 738, p. 9). In response to this request, Joy disclosed both the October 3, 1983 and November 7, 1983 letters that inquired whether Rockwell was interested in licensing the '873 patent. The disclosure of these letters was sufficient to put Flakt on notice that preliminary communications between Joy and Rockwell had taken place. Flakt argues that because Rockwell's response letter expressed no interest in licensing the '873 patent, "it is illogical to suggest that this correspondence would cause Flakt to suspect that, eight (8) months later, Joy/Niro and Rockwell had further discussions on the subject" of licensing. This argument is not persuasive.

Flakt knew that preliminary communications between Joy and Rockwell had occurred, but failed to pursue whether subsequent discussions were held. Specifically, during the deposition of Robert Max Morford, Flakt established that Joy sent letters offering licensing agreements to competitors they believed were infringing the '873 patent. Flakt's subsequent questioning, however, focused on the issue of infringement and did not inquire further about licensing negotiations. Additionally, the Court granted Flakt the opportunity to depose Mr. Levine, Joy's corporate counsel and author of the October 1983 letter. Consequently, Flakt had the ability to question Mr. Levine about licensing negotiations beyond the preliminary letters. Flakt, however, opted not to conduct the deposition of Mr. Levine.

The Court also notes that Joy was never in possession of the Rockwell internal letter that constitutes the newly discovered evidence. The letter was exclusively in the control of Rockwell, and no evidence was presented to suggest that Joy knew that the document existed. Consequently, Joy did not violate document requests by failing to disclose a letter that was not in their possession. Furthermore, Flakt never served documents requests on Rockwell even though they knew that Rockwell had previous communication with Joy concerning licensing.

"[I]t is incumbent upon the parties to consider the complexities of the case lest the record be incomplete or the evidence submitted piecemeal." *McLean,* 449 F.Supp. at 1263. Because they had knowledge that Joy–Rockwell communications had taken place, it was Flakt's responsibility to inquire whether future negotiations occurred. The Court finds that Flakt had the opportunity to uncover the evidence during either the protracted period of discovery or the six day long damages trial.

### B. IS THE NEWLY DISCOVERED EVIDENCE PROBATIVE?

■ In order for the Court to grant Flakt's motion, the new evidence must have probative value. *Rivera–Flores,* 64 F.3d 742; *McLean,* 449 F.Supp. at 1263. The Third Circuit has described two scenarios where new evidence has sufficient probative value to justify reopening a trial. First, because failure to adduce evidence adequate to sustain a judgment is generally fatal, reopening may be proper to allow the plaintiff to supply certain defects and omissions in his proof. *Natural Resources Defense Council v. Texaco,* 2 F.3d 493, 504 (3d Cir.1993) citing *Rochez Bros., Inc. v. Rhoades,* 527 F.2d 891, 894 (3d Cir.1975); 6A *Moore's Federal Practice,*

§ 59.04[13]. Second, a trial may be reopened when the failure to provide important evidence is due to a reasonable misunderstanding among the parties and the trial court. *Id.*

Neither of those situations exists in the present case. The newly discovered evidence is not necessary to sustain a judgment and was not left out due to a reasonable mistake. Rather, the internal letter is cumulative evidence offered to support Flakt's contention that a reasonable royalty rate is closer to one million dollars than to twenty million dollars. In their memorandum supporting the motion to reopen, Flakt argues that the newly discovered evidence "supports the credibility of the analysis undertaken by Dr. Friedlander" and "impeaches the testimony of Messrs. Morford and Nielsen." (D.I. 732). Consequently, the primary value of the newly discovered evidence is to support or rebut testimony already in evidence. As this case is several years old, the parties have submitted dozens of motions, and a six day trial has already been conducted on the issue of damages and royalty rates, sufficient evidence already exists for the Court to properly weigh the credibility of conflicting testimony and determine the appropriate royalty and damage amounts. Accordingly, the Court finds that the offered new evidence does not have sufficient probative value to require the reopening of testimony.

## C. WILL GRANTING THE MOTION CAUSE THE NONMOVING PARTY UNDUE PREJUDICE?

As stated above, this action has been pending since September of 1989 and the damages trial ended more than eighteen months ago. The Court has found both that Flakt has already had a full and fair opportunity to investigate the issue of Joy–Rockwell licensing negotiations and that the offered new evidence is cumulative rather than probative. Consequently, a reopening of this action would further frustrate the overriding interest in prompt and efficient handling of this litigation and would prejudice the nonmoving parties.

## IV. *CONCLUSION*

The Court finds that Flakt had a full and fair opportunity to investigate the issue of Joy–Rockwell licensing negotiations, that the offered new evidence is cumulative rather than probative and that granting the motion to reopen would prejudice the Plaintiffs. As a result, Defendant's Motion to Reopen the Proceedings will be denied.

An appropriate Order will be entered.