

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2002

# Ferranti Intl PLC v. Jasin

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2612

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ferranti Intl PLC v. Jasin" (2002). *2002 Decisions.* Paper 584.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/584

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2612
_____


FERRANTI INTERNATIONAL, PLC,
(In administrative receivership);
FERRANTI INTERNATIONAL, INC.

v.

THOMAS P. JASIN,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable Franklin S. Van Antwerpen
(D.C. Civ. No. 98-CV-5412)
_____

Argued on July 15, 2002

Before: SCIRICA, ALITO, and FUENTES, Circuit Judges

(Opinion Filed: September 18, 2002)
_____

Anna M. Durbin [Argued]
50 Rittenhouse Place
Ardmore, Pennsylvania, 19003-2276
Attorney for Appellant Thomas P. Jasin

Grant S. Palmer
Blank Rome Comisky & McCauley, LLP
One Logan Square
Philadelphia, Pennsylvania 19103
Attorney for Appellees

Howard Bruce Klein (argued)
Law Offic
1700 Market Street, Suite 2632
Philadelphia, PA 19103
Attorney for Appellee

_____

OPINION OF THE COURT
_____


PER CURIAM:

    We write solely for the benefit of the parties who are well-familiar with the

circumstances of the case. Therefore, we begin with our legal analysis and will refer to the facts of the case only as they bear upon our discussion of the issues.

The District Court had subject matter jurisdiction over Ferranti's motion for a declaratory judgment based upon the diversity of the parties, 28 U.S.C. 1332. We have jurisdiction over Jasin's appeal based upon 28 U.S.C. 1291. We review a district court's decision that it was not necessary to hold a further evidentiary hearing for clear abuse of discretion. Skehan v. Board of Trustees of Bloomsburg State College, 590 F.2d 470, 478 (3d Cir. 1978). We review a district court's findings of facts regarding a claim for breach of contract for clear error. See In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 676 F.2d 51, 54 (3d Cir. 1982).

I. Should the District Court Have Taken Further Evidence

Jasin first claims that the District Court clearly abused its discretion when on remand, it denied Jasin's motion to hold an evidentiary hearing regarding Ferranti's alleged breach of contract, instead limiting the scope of its deliberations to the evidence that had been introduced at the first trial and the information in both parties' briefs.

It is well-established that a motion to reopen to submit additional proofs is addressed to the sound discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971); In re Chattanooga Wholesale Antiques, Inc., 930 F.2d 458, 464 (6th Cir. 1991); Skehan v. Board of Trustees of Bloomsburg State College, 590 F.2d at 478. In Skehan, this Court analyzed this issue, and determined that;

(T)he grant or denial [of a motion to reopen] involves an exercise of discretion by the trial court; and because this court has a feel for the case that an appellate court can seldom have, the trial court's ruling is subject to reversal only in a rare case where abuse is clearly shown.

Skehan, 590 F.2d at 478 (quoting 6A Moore's Federal Practice P59.04(13) at

36-37 (2d ed. 1974)) (emphasis added).

We have instructed that, in deciding whether to reopen a case, the district court should be concerned with several factors: what burden, if any, will be placed on the parties and their witnesses; what undue prejudice may result by not taking new testimony; and what consideration should be given to judicial economy. Rochez Bros. Inc. v. Rhoades, 527 F.2d 891, 894 n.6 (3d Cir. 1975); see also Skehan, 590 F.2d at 478 ("A district court...should consider a motion to take additional testimony in light of all the surrounding circumstances and grant or deny it in the interest of fairness and substantial justice[.]").

Here, the District Court considered Jasin's motion for an evidentiary hearing on the breach issue and found such a hearing "unnecessary." App. at 3A-B. It noted that Jasin himself had "expressly raised the question of [Ferranti's alleged] breach in his answer to [Ferranti's] initial request for declaratory judgment" and that therefore it had been "clearly an issue for trial." Id. The court further noted that it had "put no limitation on the evidence the parties were permitted to present. [A]s a result, the parties presented extensive evidence in their non-jury trial before this Court with respect to [the] question [of Ferranti's alleged breach]." The District Court determined that Jasin's "only request pertaining to issues not litigated at trial asks for a hearing on [damages]." Because the court ultimately ruled that Ferranti did not breach its agreement, it therefore found "that such a hearing [on damages resulting from the alleged breach was] unnecessary." Id.

Given the District Court's analysis, we find that there is no basis for this Court to determine that the District Court abused its discretion in deciding not to grant Jasin's motion to reopen the issue for presentation of further evidence. This is not one of the "rare cases" where, for example, an intervening change in the law has prompted this Court to remand with instructions to re-open the proof. See Skehan, 590 F.2d at 479 (noting that "a change in legal standards may warrant the reopening of a case where additional testimony would be pertinent to the change of law."). Nor is it a case in which a "deficiency of proof result[ed] from a misunderstanding among the parties and the trial court." Rochez 527 F.2d at 895 (remanding to reopen the proof where "injury ha[d] plainly been shown and liability ha[d] been conclusively established" but the district court decided to use an alternative method of calculating damages after the

evidence had been closed).

Neither can we find that the District Court's refusal to hold the requested evidentiary hearing violated the previous mandate of this Court, as Jasin seems to suggest. See App. Br. at 22 (alleging that "[t]he purpose of this Court's initial remand has....been defeated."). It is clear from our prior Memorandum Opinion that we never specifically mandated an additional trial or evidentiary hearing. Rather, we remanded simply for "further proceedings consistent with this opinion." App. at 27A. Other than a reference to a rather vague passage from the District Court's original opinion, Jasin fails to point out any language in our opinion that might support his position.

This Court considered nearly identical circumstances in Skehan, in which "neither [previous] opinion of this Court specifically instructed the district court to take further evidence on any issue remanded to it for findings of fact." Skehan, 590 F.2d at 478. We held that "this Court's failure to specify that further evidence should be taken on remand could, at most, be construed as leaving a decision on the need to reopen the record to the sound discretion of the trial court." Id. See also Rochez, 527 F.2d at 894 (failure of appellate court to instruct the district court to take further evidence indicates that the question was left to the sound discretion of the trial court). Since Jasin cannot point to any specific directive from this Court to reopen the proof, we find that the District Court did not violate this Court's mandate on remand.

## II. Did Ferranti Comply with the Settlement Agreement

Jasin next argues that the District Court disregarded evidence in the record, when it ruled on remand that Ferranti had not breached the settlement agreement. Specifically, Jasin claims that the evidence establishes that Ferranti, in violation of the agreement; (1) refused to make any efforts to correct Jasin's W-2 forms, which would have allowed Jasin to receive a tax refund for his insurance policy, previously paid by Ferranti; (2) refused to conduct a good faith investigation into whether Jasin's actual title was "Senior Vice President," and; (3) refused to permit Jasin to tender the funds that would have allowed him to recover his insurance policy.

In reviewing the District Court's factual findings regarding Ferranti's alleged breach, our task is restricted to a determination of whether those findings were clearly erroneous. See In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions 676 F.2d at 54. This standard of review "does not permit an appellate court to substitute its findings for those of the trial court. It allows only an assessment of whether there is enough evidence on the record to support those findings." Scully v. U.S. WATS, Inc. 238 F.3d 497, 506 (3d Cir. 2001).

Under the applicable law, the burden of proof in a contract action is upon the party alleging breach, in this case Jasin. See East Texas Motor Freight v. Lloyd, 484 A2d 797, 801 (Pa. Super. 1984). Additionally, "the party having the burden of proof in a contract matter must sustain it by a 'preponderance of the evidence.'" Snyder v. Gravell, 666 A2d 341, 343 (Pa. Super. 1995).

The District Court addressed Jasin's claims and found that, regarding his allegation that Ferranti "refuse[d] to adjust [Jasin's] W-2 forms[,]" Jasin had "mischaracterize[d] the language of the agreement." App. at 4A. The Court noted that Ferranti had agreed in the settlement agreement to "do everything possible to legally adjust [Jasin's W-2 forms]." Id. The court characterized this as less than an outright promise to change Jasin's W-2 forms. It then determined that Jasin offered no evidence "to contradict the testimony of multiple witnesses...showing that an investigation was in fact made into [Jasin's] tax status and that a determination was made that [Jasin's] W-2 forms were accurately calculated." Id.

In his reply brief to this Court, Jasin claims that a more "natural reading" of Ferranti's agreement is that Ferranti would "take action with the IRS to amend the...forms if...legally possible to do." App. Rep. Br. at 6-8. However, not only does Jasin offer no legal support for his conclusory statement, he fails to offer his own rationale as to why this is a more natural reading. Because Jasin offers no rationale as to why the this clause in the agreement should be differently interpreted, Jasin has failed to meet his burden, and there is no basis on which to conclude that the District Court clearly erred. See U.S. WATS, Inc. 238 F.3d at 501 ("That a different set of inferences could be drawn from the record is not determinative. It is sufficient that the District Court findings of fact could be reasonably inferred from the entire trial record.").

Jasin's claim that Ferranti failed to conduct a fair investigation into his title is equally without merit. In its analysis, the District Court correctly observed that the settlement agreement "only required that [Ferranti] investigate [Jasin's] employment status." App. at 5A (emphasis in original). The court further noted that Ferranti had presented testimonial evidence that it had "thoroughly investigated Jasin's title and [was] unable to find any convincing proof that [substantiated Jasin's claim.]." App. at 5A. Although Jasin had presented two documents (from the same person) that referred to him as Senior Vice President, these "were only two among many others that did not refer to [Jasin] as a senior vice president." Id. Since, on appeal, Ferranti presents no convincing evidence contrary to the findings below, there is no basis on which to conclude that the District Court clearly erred.

Finally, Jasin claims that Ferranti breached the terms of their agreement when it refused to permit Jasin to tender the funds that would have allowed him to recover his insurance policy. The District Court examined Jasin's claim and found it to be "entirely without foundation." App. at 4A. The court determined that "[n]othing in this testimony.... establishes definitively that such payments were ever attempted by [Jasin] or rejected by [Ferranti]." Id. Alternatively, the Court pointed out that "even if Ferranti did attempt to prevent Jasin from tendering such funds (which we find they did not), they would have been powerless to do so." Id. The court reasoned that since Jasin "could have [simply] tendered funds directly to his insurance company or through his own counsel[,] he did not require Ferranti's assistance [to do so]." Id.

Jasin's first attorney set forth the understanding between Ferranti and Jasin with regard to Jasin's insurance policy, in his letter of May 23, 1999 ( "Ferranti will hold the policy until June 30th, and give Mr. Jasin until the end of business on that date, the right to redeem it by paying Ferranti the policy's cash value. If he fails to redeem the policy, Ferranti agrees to present it to the insurance company for payment of the cash value within 24 hours of the date that Jasin fails to redeem the policy."). It seems clear from this language that Jasin did indeed need Ferranti's assistance to redeem the policy, and could not have simply tendered the funds "directly" to his insurance company, since Ferranti was in possession of the policy, at least until June 30th. Therefore, the District Court erred in this determination. Nevertheless, this error is harmless since the District Court correctly determined, in the first instance, that nothing in the record establishes that such payments were ever attempted by [Jasin] or rejected by [Ferranti].

Neither party disputes that Ferranti had received a loan check in the amount of $302,570 as partial payment intended to redeem Jasin's insurance policy. Furthermore, Jasin's wife had testified that she had transferred the balance of the money required to pay off the policy to their personal checking account, which would have allowed Jasin to tender the payment directly to Ferranti.

However, Jasin offers no further evidence to indicate that he ever actually tendered the balance required for him to redeem the policy, approximately $24,000. At oral argument, when asked about this directly, Jasin's attorney could only offer that Jasin "had tendered the vast amount of the money" required to redeem the policy. In addition, she conceded that no one had testified that Jasin had been prevented from tendering the balance by, for instance, mailing the balance to Ferranti. Given these shortcomings in Jasin's proof, we find that Jasin failed to meet his burden of establishing by a preponderance of the evidence that Ferranti had breached the contract. Therefore, we hold that the District Court was not clearly in error on this point. See U.S. WATS, Inc. 238 F.3d at 501 ("Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous."). Accordingly, we affirm.