

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2003

# Taylor Milk Co Inc v. Intl Brhd Teamsters

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3461

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Taylor Milk Co Inc v. Intl Brhd Teamsters" (2003). *2003 Decisions*. Paper 468.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/468

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3461
_____

TAYLOR MILK COMPANY, a Pennsylvania Corporation,
Appellant

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO, an
unincorporated association and labor organization;
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, DAIRY CONFERENCE -
USA AND CANADA, an unincorporated association and labor
organization; SERVICE PERSONNEL AND EMPLOYEES OF THE DAIRY
INDUSTRY TEAMSTERS LOCAL UNION NO. 205, an unincorporated
association and labor organization

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 95-cv-01663)
District Judge: The Honorable D. Brooks Smith

_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2003

BEFORE: SCIRICA, Chief Judge, SLOVITER, and NYGAARD, Circuit Judges.

(Filed June 10, 2003)

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Taylor Milk Company appeals from an order of the District Court determining that Taylor did not suffer cognizable damages from an illegal secondary boycott orchestrated by the Appellees, International Brotherhood of Teamsters, et al. On appeal, Taylor argues that the District Court erred in its interpretation of the collective bargaining agreement and abused its discretion by failing to allow additional damage evidence regarding the profitability of alternative plans. We have plenary review over the District Court's interpretation of the bargaining agreement and we review the determination to prohibit reopening of the record for abuse of discretion. Finding no fault with the decision of the District Court, we will affirm.

I.

The issue of damages has been before a panel of this court previously in _Taylor Milk Co. v. International Brotherhood of Teamsters_, 248 F.3d 239 (3d Cir. 2001) (_Taylor I_). In _Taylor I_, we addressed both the issue of IBT's liability for the secondary boycott and whether the District Court's award of $50,000 in damages was correct. After affirming the District Court's determination that IBT was liable for damages resulting from the secondary boycott, we turned to the proper determination of damages. In

2

reversing the District Court, we noted that "[o]ur review of the record reveals that the District Court did not commit clear error insofar as it found that TMC had failed to prove the profitability of Plan B and Plan C." *Id*. at 247.  We were concerned, however, that the District Court had erred in its evaluation of the profitability of Plan A by failing to consider the viability of the Plan as it related to the collective bargaining agreement.  In remanding, we gave specific instructions to the District Court:

> If, upon remand, the District Court determines that TMC would not have prevailed at arbitration and maintains its determination that Plans B and C would not have been profitable, it is clear that TMC could have suffered no damage from IBT's actions, as the loss of TMC's right to purchase the Borden plant would have placed it in no worse of an economic position than if it had purchased the plant.  In other words, If TMC could not have profited from purchasing the Borden plant, there can be no basis for awarding TMC damages.

*Id*. at 249.

On remand, the District Court reaffirmed its previous decision as to Plans B and C, and acknowledged the need to determine if the language of the collective bargaining agreement prohibited the implementation of Plan A.  Focusing on a no-transfer clause in the collective bargaining agreement, the District Court found that Plan A could not have been successfully implemented via arbitration.  We agree.  The no-transfer clause in the bargaining agreement states:

> No work or services presently performed or hereafter assigned to the collective bargaining unit with the exceptions listed above, will be subcontracted, transferred, leased or assigned,

3

in whole or in any part to any other person, firm or corporation or non-unit employees unless otherwise expressly provided in this Agreement.

Article II, Section 6(a), at App. 70. As Plan A will transfer work done by Appellees to a new facility, Taylor must avoid this provision to demonstrate a likelihood of success at arbitration.

There are two possible exceptions built into the provision. First, Taylor could avoid the no-transfer clause by showing that the product to be transferred was found in "the exceptions listed" in the preceding paragraph. This option is unavailing, however, because Plan A involved transferring fluid milk production and fluid milk is not one of the enumerated exceptions in the preceding section.[1] The second exception to the no-transfer clause is when such action is "otherwise expressly provided" in the bargaining agreement. The District Court correctly found that all the provisions identified by Taylor failed in one material respect—none of the provisions "expressly provided" for the transfer of fluid milk production. On appeal, Taylor cites a portion of section 6(d), which provides that "[n]othing in this Section shall be interpreted as limiting the Employer's right to sell or merge its business or go out of business in while or in part." Taylor now argues that the "real intent of Plan A" was to effect a merger, which would satisfy the

---

1.    The paragraph referenced by the no-transfer provision lists the following as the only exceptions: "orange juice, dips, sour cream, cottage cheese, yogurt, butter, oleo, eggs, sterile products, nutrish and cultured products, novelties, ice cream mix, Weight Watchers ice cream, and diet ice cream." Art. II, Sec. 6(a).

4

"expressly provided" exception to the no-transfer clause. Taylor's reliance on this provision is misplaced. Plan A clearly contemplates the outright purchase of the Borden facility, not a merger of operations with Borden. Expanding a business by purchase of a new facility is not a "merger" contemplated by section 6(d). Thus, Taylor has failed to identify a provision in the collective bargaining agreement that expressly provides authorization to transfer production of fluid milk to the Borden facility and, therefore, cannot demonstrate the profitability of Plan A.

Taylor also alleges that the District Court abused its discretion by failing to reopen the record and admit additional expert testimony regarding the alternative plans. This argument does not withstand scrutiny. In reaching its decision, the District Court correctly applied the factors we enunciated in *Rochez Brothers, Inc. v. Rhoades*, 527 F.2d 891, 894 n.6 (3d Cir. 1975). We see no reason to disturb the substantial discretion afforded to the District Court to reopen the record after a remand.

## II.

For the foregoing reasons we will affirm the order of the District Court.

_____

TO THE CLERK:

    Please file the foregoing opinion.


               /s/ Richard L. Nygaard
               Circuit Judge