

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# Scott v. Mahlmeister

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4197

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Scott v. Mahlmeister" (2009). *2009 Decisions*. Paper 1730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4197
_____

STEVEN SCOTT,
                                        Appellant
v.

DEBORAH MAHLMEISTER; SGT. EPERJESI: OFFICER EFAW
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 06-00034E)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges
(Opinion filed: March 18, 2009)

_____

OPINION
_____

PER CURIAM.

        Pro se appellant Steven Scott challenges the District Court's denial of his

request to introduce additional testimony in response to questions from the jury regarding

damages in his 42 U.S.C. § 1983 action.

Scott, who is incarcerated at a Pennsylvania state prison, filed a civil rights complaint in the Western District of Pennsylvania against three prison employees. As is relevant here, he claimed that defendant Debra Mahlmeister violated his Eighth Amendment rights because she failed to act after he warned her that another inmate, Ronald Paige, had threatened him. Paige attacked Scott with a razor soon after Scott informed Mahlmeister that Paige had threatened him.

The case went to trial in October 2007, and Scott represented himself at all times. Although the record is not entirely clear, it appears that Scott received a misconduct charge after Paige attacked him and that he was placed in a restricted housing unit for thirty days. He had resided in the "K block" and worked in the kitchen prior to the attack. At some point, the prison superintendent reduced the level of his disciplinary write-up, and Scott subsequently asked Mahlmeister to allow him to return to K block so that he could return to his kitchen job. The testimony was unclear as to whether he ever returned to K block or to the kitchen job.

During deliberations, the jury sent the following questions to the judge: "What was the hourly rate Mr. Scott was paid when working in the kitchen? How long was Mr. Scott out of the kitchen position because of the altercation?" The District Judge proposed that he tell the jury that "they're just going to have to determine, as best they can, from their recollection what the evidence on those points were." The defense did not object to the proposed response, but Scott asked if he could "tell" the jury that he "never

2

got the kitchen job back." The District Judge informed Scott that the case could not be reopened and stated that "[t]he evidence is what the evidence was." Scott dropped his objection, and the jurors were told that they must rely on their own recollection of the evidence.

The jury returned with a verdict finding that Mahlmeister violated Scott's civil rights because she knew that there was a substantial risk that Paige would attack Scott but deliberately disregarded it. Furthermore, the jury found that Scott would not have been harmed or would have suffered less harm if Mahlmeister had not been deliberately indifferent. The jury did not, however, award any damages to Scott.

Scott timely appealed, asserting that the District Court erred by not allowing him to testify in response to the jury's questions.

II.

The District Court's decision to reopen or to supplement the record once jury deliberations have begun is reviewed for abuse of discretion. Gibson v. Mayor & City Council of Wilmington, 355 F.3d 215, 229 (3d Cir. 2004). "Great flexibility is accorded the District Court in its determination . . . though it must avoid perpetrating any type of injustice." Id.

The District Judge did not abuse his discretion by declining to allow supplemental testimony or argument in response to the jury's factual questions. The questions from the jury in this matter dealt squarely with damages, indicating that the jury

had already determined that at least one of the defendants had violated Scott's constitutional rights. Scott contends that answering the jury's questions would have required him to only state his hourly wage and the fact that he never returned to his kitchen job. However, the defense would likely have disputed, among other things, whether the (apparently permanent) loss of the kitchen job resulted from the violation of Scott's rights.[1] Allowing this type of process would have burdened the defendants by requiring them to recall their witnesses; it also would have unnecessarily delayed the resolution of the case, and could have distorted the importance of the evidence as a whole. See Gibson, 355 F.3d at 229; cf. Eason v. United States, 281 F.2d 818, 822 (3d Cir. 1960) (stating, in a criminal case, that "reopening for the purpose of introducing overlooked evidence must be done with extreme reluctance because of the undue emphasis given to the introduced evidence with the consequent distortion of the evidence as a whole"). The District Court therefore did not perpetrate any type of injustice by refusing to allow Scott to introduce new evidence in response to the jury's questions. See Gibson, 355 F.3d at 229.

---

[1] Furthermore, Scott provided scant information regarding damages during the trial. We do not agree with the appellees' assertion that the failure to introduce such evidence was a "strategic design by Scott to invite the jury's arrant speculation . . . in the hope of getting a windfall." It was, however, Scott's burden to prove every element of his case, including damages, Rochez Bros., Inc. v. Rhoades, 527 F.2d 891, 894 (3d Cir. 1975)), and if he did not provide the jury with enough evidence to satisfy this burden during the trial, he should not have been allowed to remedy this oversight after deliberations had begun.

Scott also appears to argue that the jury was required to award damages in light of its liability determination. Compensatory damages, however, are only recoverable under 42 U.S.C. § 1983 to compensate "for actual injury suffered as a result of the violation of a constitutional right" because the "abstract value of a constitutional right . . . may not form the basis for 1983 damages." Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000) (internal citations omitted). Thus, a liability determination does not mandate a damages award. Moreover, although nominal damages may be awarded in the absence of proof of actual injury to recognize a violation of a constitutional right, this "entitlement is not automatic," as the plaintiff must make a "timely request" for such damages. Alexander v. Riga, 208 F.3d 419, 429 (3d Cir. 2000). The proposed jury instructions submitted by Scott and the defendants included an instruction regarding nominal damages. The final jury instructions did not, however, include such an instruction. In response to the District Court's query, neither party objected to the instructions as given, and Scott thus waived any claim to nominal damages. Alexander, 208 F.3d at 426.

For the foregoing reasons, we will affirm the judgment in this matter.