

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2006

# Carpet Grp Intl v. Oriental Rug

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Carpet Grp Intl v. Oriental Rug" (2006). *2006 Decisions.* Paper 1356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4180
_____

CARPET GROUP INTERNATIONAL;
EMMERT ELSEA

v.

ORIENTAL RUG IMPORTERS ASSOCIATION, INC.;
BASHIAN BROS., INC.; ALFANDARI AND ETESSAMI
ORIENTAL RUG CO., INC.; MOUSSA ETESSAMI & SONS CORP.;
NOONOO RUG CO.; PANDE CAMERON & CO. OF NEW YORK;
KELATY RUGS INTERNATIONAL; DANIEL HODGES; GEORGE NEWMAN;
ISAAC ETASSAMI

Carpet Group International
Corporation and Emmert Elsea,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 95-cv-05574)
District Judge: Honorable Joseph A. Greenaway, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2006

Before:  RENDELL and AMBRO, Circuit Judges,
and SHAPIRO*, District Judge.

(Filed March 31, 2006)

_____

*Honorable Norma L. Shapiro,  Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

This appeal comes to our court for the second time. In its first time here, we reversed and remanded based upon the District Court's error in granting defendants' dismissal motion. Now, the case comes to us as an appeal from the jury's verdict in favor of defendants. Judgment on the jury verdict was entered on December 30, 2003, an order denying the motion for new trial was entered on October 4, 2004, and appellants filed a timely appeal.[1] The District Court issued an opinion setting forth its reasoning on January 28, 2005. Appellants complain that the jury's determination that, while the defendants did engage in concerted actions and conspired to restrain trade and to coerce others not to deal with plaintiffs, they did not cause any injury to the plaintiffs, was without "plausible explanation."

Plaintiffs sued the defendants, alleging that they conspired to damage plaintiffs' efforts to conduct trade fairs exclusively for foreign manufacturers of oriental rugs. The concept was that domestic retailers could buy directly from foreign manufacturers at such fairs, and avoid paying higher prices charged by importers. The defendants included the

---

[1] We have jurisdiction over the final order of the District Court pursuant to 28 U.S.C. § 1291. We review the denial of a new trial for abuse of discretion. <u>Springer v. Henry</u>, 435 F.3d 268, 274 (3d Cir. 2006).

Oriental Rug Importers Association, an association of importers/wholesalers of oriental rugs, together with one of the association's members and its principal.

The jury found that the defendants had in fact conspired to restrain trade and acted to persuade others not to deal with plaintiffs.  However, it also determined that the conspiracy did not cause injury to plaintiffs.

The District Court conducted a 14-day jury trial at which numerous witnesses were called to testify.  While the testimony may have shown that defendants were active in their attempts to thwart plaintiffs' efforts, it also revealed several other possible explanations for the failure of the trade fairs, such as foreign individuals' difficulty in obtaining visas, fears of suffering losses from not selling out the rugs they would ship to the fairs, failure of advertisement in publications designed to reach foreign manufacturers, and costs of attending fairs on the part of both the foreign manufacturers and potential retail purchasers.   The District Court noted:

> The jury may have concluded that these other factors stymied plaintiffs' efforts to launch successfully the proposed business model.  This court will not substitute "its own judgment of the facts and credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system."

App. at 10 (quoting Clopp v. Atlantic County, 2002 WL 312 42218, *2 (D.N.J. 2002)).

As appellees urge, and the District Court stated, "the record is replete with evidence supporting the conclusion that the plaintiffs' business endeavors were unsuccessful for reasons unrelated to defendants' conduct.  Id.   A new trial should be granted only where the great weight of the evidence cuts against the verdict and where a

3

miscarriage of justice would result if the verdict were to stand. Springer v. Henry, 435 F.3d 268, 274 (3d Cir. 2006). Having reviewed the record, we agree with the District Court that the verdict was not against the great weight of the evidence, and we will therefore not disturb its denial of appellants' motion for a new trial.

Appellants also find fault with three other aspects of the District Court's handling of the trial: (1) its ruling that appellees' witness, Mark Stone, could testify as an expert in the economics of trade shows; (2) its admission of alleged hearsay; and (3) its denial of injunctive relief. We have reviewed the record in light of the issues appellants raise and we conclude that the District Court did not err or abuse its discretion in its rulings on these issues. We will AFFIRM for substantially the reasons set forth in the District Court's opinion denying a new trial.