**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2578
_____

JANE E. ADKINS,
                              Appellant

v.

JOHN B. SOGLIUZZO; DEUTSCHE BANK ALEX. BROWN;
H. THOMPSON RODMAN; L. GAYE TORRANCE; TD BANK, N.A.;
HAVEN SAVINGS BANK
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-09-cv-01123)
District Judge: The Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 6, 2017
_____

Before: McKEE, COWEN, and FUENTES, *Circuit Judges*.

(Filed: June 14, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Jane Adkins appeals the District Court's order denying her request for damages in her diversity action against her brother, John Sogliuzzo, for mismanagement of Mary Grimley's estate. Adkins argues she and the estate are entitled to $391,040.05 in damages because Sogliuzzo is liable for undue influence, breach of fiduciary duty, negligence, fraud, and misrepresentation for taking cash from Grimley's home for himself and redeeming Grimley's bonds. For the reasons that follow, we reverse and remand to the District Court for a determination of damages.

I

Jane Adkins is the current executor of the late Mary Grimley's estate and also a beneficiary under Grimley's will. This appeal concerns only Adkins's action against her brother, John Sogliuzzo, for mismanaging the money of their mother's elderly cousin, Mary Grimley, during Grimley's lifetime.[1] Sogliuzzo is an attorney who acted as Grimley's power of attorney during her later years. Upon Grimley's death in 2006, Sogliuzzo acted as executor of Grimley's estate until he gave up the position in favor of Adkins. Once Adkins was appointed executor, she brought this diversity action in the

---

[1] This action originally included Adkins's claim against Sogliuzzo for mismanaging their mother Jane Sogliuzzo's estate. For that claim, the District Court held that Adkins was not entitled to more than the $520,414 awarded to her in state court, a decision Adkins does not appeal. *Adkins v. Sogliuzzo* (*Adkins I*), No. CIV.A. 09-1123 SDW, 2014 WL 1343065, at *5 (D.N.J. Apr. 4, 2014). Adkins also originally named as defendants John Sogliuzzo's wife, Gaye Torrance, and several financial institutions, including Deutsche Bank Alex. Brown, TD Bank, N.A., and Haven Savings Bank. Adkins's claims against the financial institutions were dismissed prior to trial and the District Court held that Torrance was not liable after a bench trial. *Adkins I*, 2014 WL 1343065, at *4. We affirmed. *Adkins v. Sogliuzzo* (*Adkins II*), 625 F. App'x 565, 571 (3d Cir. 2015).

2

District of New Jersey against Sogliuzzo, alleging, among other things, that Sogliuzzo was liable for undue influence, breach of fiduciary duty, negligence, fraud, and misrepresentation under New Jersey law. Adkins's claim is essentially that Sogluizzo unlawfully mismanaged Grimley's estate by (1) taking for himself $70,000 in cash found in Grimley's home in 2002, and (2) redeeming for himself $321,040.05 in bonds from Grimley's accounts between 2004 to 2006. Adkins also brought suit against Sogliuzzo in state probate court, which stayed its action pending the outcome of the federal lawsuit.

After a five-day bench trial, the District Court held that Sogliuzzo was liable for undue influence, breach of fiduciary duty, negligence, fraud, and misrepresentation for his mismanagement of Grimley's estate.[2] Though the Court held that "Grimley's Estate was reduced and Jane Adkins suffered damages," it declined to award damages, instead deferring to the state court's future determination of damages in the stayed probate action.[3] On appeal, this Court affirmed the District Court's findings of liability but remanded with instructions that the District Court "make explicit findings with respect to damages in this action."[4]

On remand, Adkins relied only on evidence of damages adduced in connection with her undue influence claim to support her other claims. Without holding a hearing, the District Court held that Adkins was not entitled to damages for undue influence, concluding that Adkins could not show an improper *inter vivos* gift to Sogliuzzo because

---

[2] *Adkins I*, 2014 WL 1343065, at *6–9.
[3] *Id.* at *9.
[4] *Adkins II*, 625 F. App'x at 574.

she failed to show either "that Sogliuzzo retained the [$70,000 in] cash for personal use or misappropriated the funds" or that the "bonds were deposited or used by Sogliuzzo."[5] The Court did not address damages for Adkins' claims of breach of fiduciary duty, negligence, fraud, and misrepresentation. Adkins appeals.[6]

II[7]

Because this is a diversity action, our analysis rests on New Jersey law.[8] Inasmuch as the District Court denied Adkins's request for damages on the basis of her undue influence claim, we first turn to New Jersey law on undue influence.

In New Jersey, a finding of undue influence typically arises when an elderly or infirm individual transfers money or goods to another person during their lifetime (*inter vivos*) or by bequest in a will.[9] The New Jersey Supreme Court has defined undue influence as "a mental, moral, or physical exertion of a kind and quality that destroys the free will of the testator [or donor] by preventing that person from following the dictates of his or her own mind as it relates to the disposition of assets, generally by means of a will or *inter vivos* transfer . . . ."[10] In short, the undue influence inquiry is only relevant

---

[5] *Adkins v. Sogliuzzo (Adkins III)*, No. CV091123SDWLDW, 2016 WL 1643406, at *2 (D.N.J. Apr. 26, 2016).

[6] On appeal from a non-jury trial, we review the District Court's findings of fact for clear error and exercise de novo review of conclusions of law. *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282–83 (3d Cir. 2014).

[7] The District Court had jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

[8] *Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938).

[9] 5 Alfred C. Clapp & Dorothy G. Black, New Jersey Practice Series, Wills And Administration § 62 (Rev. 3d ed. 2016).

[10] *In re Estate of Stockdale*, 953 A.2d 454, 470 (N.J. 2008).

4

insofar as it tells us whether a gift or testamentary bequest is valid. Thus, in cases where the disputed transfer occurred during the donor's lifetime, an *inter vivos* gift must have occurred for the donee to be liable for undue influence.[11] If a gift or transfer is not shown, it follows that the wrongdoer did not succeed in nefariously influencing the donor.

Here, the District Court found that Sogliuzzo was liable for undue influence for losses to Grimley's estate that occurred during Grimley's lifetime, including the $70,000 in cash, and $321,040.05 in redeemed bonds.[12] We affirmed this finding of liability.[13] As discussed above, when liability for undue influence is found based on transfers made during the donor's lifetime, this finding is predicated on the assumption that an *inter vivos* gift was made. Yet, on remand, the District Court held that it could not award damages because there was "insufficient evidence" that a gift was made, stating that "Plaintiff's failure to prove a gift or transfer of the cash or bonds at issue to Defendant prevents this Court from awarding her damages."[14] This holding conflicts with the previous finding of liability. To be sure, the record shows that Adkins presented little to no evidence that Grimley delivered the bonds or cash to Sogliuzzo with donative intent as is required to meet the definition of a gift under New Jersey law.[15] However, as a result

---

[11] *In re Estate of Folcher*, 135 A.3d 128, 137 (N.J. 2016) ("A challenger can set aside a decedent's will or *inter vivos* transfer on the basis of undue influence.").

[12] *Adkins I*, 2014 WL 1343065, at *7.

[13] *Adkins II*, 625 F. App'x at 574 ("[W]e will affirm the District Court's judgment with respect to liability . . . .").

[14] *Adkins III*, 2016 WL 1643406, at *2.

[15] *Pascale v. Pascale*, 549 A.2d 782 786 (N.J. 1988) ("In general, a valid gift has three elements. First, the donor must perform some act constituting the actual or symbolic delivery of the subject matter of the gift. Second, the donor must possess the intent to

of the previous District Court and Third Circuit decisions, Sogliuzzo is liable for undue influence, and that liability is predicated on a finding of an *inter vivos* gift.

The District Court recognized this conflict and attempted to address it by saying: "[T]his Court's conclusion that Plaintiff presented insufficient evidence to support damages is not inconsistent with its finding of liability."[16] For this proposition, the District Court cited this Court's previous decision in this case, in which we wrote: "If after a hearing, the District Court concludes that insufficient evidence has been presented to support damages, such a finding is not inconsistent with a finding of liability."[17] We cited *Carpet Group International v. Oriental Rug Importers Association*,[18] noting that it was possible for the District Court to find liability but no damages such as when, as in *Carpet Group*, the plaintiff was not injured as a result of the defendant's actions.[19]

But relying on *Carpet Group* to support the District Court's reasoning here misses the mark. In *Carpet Group*, the jury specifically found that the defendants were liable because they had conspired to restrain trade and persuaded others not to deal with the plaintiffs.[20] However, the jury also determined that the conspiracy did not cause injury to the plaintiffs because the "plaintiffs' business endeavors were unsuccessful for reasons

---

give. Third, the donee must accept the gift. Our cases also recognize an additional element, the relinquishment by the donor of ownership and dominion over the subject matter of the gift." (internal citation and quotation marks omitted)).
[16] *Adkins III*, 2016 WL 1643406, at *2.
[17] *Adkins II*, 625 F. App'x at 574 n.11.
[18] 173 F. App'x. 178 (3d Cir. 2006).
[19] *Id.* at 180.
[20] *Id.*

unrelated to the defendants' conduct."[21] Here, however, the District Court's denial of damages rests on the conclusion that the Plaintiff failed to sufficiently prove that an *inter vivos* gift or transfer occurred—a conclusion that contradicts an element already necessarily established in not one, but two previous opinions in this case. Accordingly, we must vacate the District Court's order and again remand for a determination of damages.[22]

We additionally note that insofar as the Plaintiff is not entitled to damages for her undue influence claim, the District Court is instructed to consider Plaintiff's claims of breach of fiduciary duty, negligence, fraud, and misrepresentation, for which the Court also previously found the Defendant liable.

### III

For the reasons set forth above, we vacate the District Court's order and remand for a determination of damages.

---

[21] *Id.*

[22] We note that it is possible for the District Court to find, consistent with *Carpet Group*, that despite finding liability, the plaintiff suffered no damages. For example, neither Grimley's estate nor Adkins suffered damages if Sogliuzzo used the cash and redeemed bonds for Grimley's benefit. But the Court may not now revoke its previous finding that *inter vivos* transfers were made in order to deny damages.