**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3920
_____

JANE E. ADKINS

v.

JOHN B. SOGLIUZZO, ESQ.; DEUTSCHE BANK ALEX BROWN;
H. THOMPSON RODMAN; L. GAYE TORRANCE; TD BANK, N.A.;
HAVEN SAVINGS BANK

John B. Sogliuzzo, Esq.,
                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cv-01123)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2020
_____

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, Circuit Judges.

(Opinion Filed: July 10, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

John B. Sogliuzzo appeals the District Court's judgment granting damages and prejudgment interest to Jane E. Adkins on Adkins's undue influence claim and denying Sogliuzzo's motion for reconsideration and to amend the judgment. We will affirm.

I

Siblings Sogliuzzo and Adkins are beneficiaries of the estate of their mother's cousin, Mary Grimley. Adkins v. Sogliuzzo (Adkins I), 625 F. App'x 565, 568 (3d Cir. 2015). Sogliuzzo had power of attorney for Grimley's accounts and was the executor of her estate. Id. After Grimley's 2006 death, Adkins received disbursements from the estate in amounts lower than she expected. Id. Sogliuzzo gave up his position as executor of her estate, and Adkins became executor. Id.

Adkins brought this diversity suit against Sogliuzzo, alleging, among other things, undue influence, breach of fiduciary duty, negligence, fraud, and misrepresentation under New Jersey law for his misappropriation of Grimley's funds by (1) taking $70,000 in cash from Grimley's home in 2002 and (2) redeeming $321,040.05 in bonds from 2004 to 2006. Adkins v. Sogliuzzo (Adkins II), 696 F. App'x 62, 64 (3d Cir. 2017).

During the proceedings, Sogliuzzo invoked his Fifth Amendment privilege against self-incrimination. Adkins I, 625 F. App'x at 572. Following a bench trial, the District Court found Sogliuzzo liable but did not award damages. Adkins II, 696 F. App'x at 64. Rather, the Court deferred to the state court's damages ruling in a stayed probate action. Id. We affirmed the Court's finding of liability but remanded for it to "make explicit findings with respect to damages." Adkins I, 625 F. App'x at 574.

2

On remand, the District Court held that Adkins was not entitled to damages, Adkins v. Sogliuzzo, No. 09-1123 (SDW) (LDW), 2016 WL 1643406, at *2 (D.N.J. Apr. 26, 2016), but we reversed because the Court's holding conflicted with its prior finding of liability, and we again remanded for a ruling on damages, Adkins II, 696 F. App'x at 65-66.

On remand, the District Court informed the parties that it would consider the damages issue through briefing rather than testimony, and each party submitted supplemental briefs. On September 24, 2019, the Court awarded $391,040 in damages plus prejudgment interest to Grimley's estate and gave Adkins seven days to submit an order for the Court's signature detailing the appropriate prejudgment interest and damages amount due to Adkins as beneficiary. Adkins submitted a proposed judgment, which included prejudgment interest totaling $200,495. The Court signed the proposed judgment three days later, on October 4, 2019.

Twenty-five days later, on October 29, 2019, Sogliuzzo moved under Federal Rules of Civil Procedure 52(b) and 59(e) for reconsideration of the District Court's September 24th ruling and to amend the October 4th judgment. The Court denied the motion as untimely, holding that it was not filed within fourteen days after entry of the order or judgment, as required by the District of New Jersey's Local Civil Rule 7.1(i). The Court further reasoned that, even if Sogliuzzo moved under Rule 52(b) to challenge the October 4th judgment, that judgment "served only to 'detail[] the appropriate prejudgment interest and the precise amount owed [Adkins] . . .' pursuant to the

3

September 24th Decision," and since the Court would not reconsider that decision, there was no basis to amend the October 4th judgment. J.A. 38 n.1 (first alteration in original).

Sogliuzzo appeals, arguing that (1) his motion was timely; (2) the District Court erred in not conducting a hearing on the use of the funds for Grimley's benefit; (3) he was not given the full seven days allowed by Local Rule 58.1(b) to object to the proposed judgment; (4) prejudgment interest should have been calculated from the date the action commenced rather than the date the alleged misconduct occurred; (5) prejudgment interest should not have accrued during the appeals and during the eighteen months between remand and when the Court reopened the case; and (6) the Court erred in adding the 2% increase to the prejudgment interest rate.

## II[1]

Rule 52(b) "permits [a party] to ask the court to correct, on the non-jury record before it, any errors of law, mistakes of fact or oversights that require correction." U.S.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and our jurisdiction depends on 28 U.S.C. § 1291. In a civil case, timely filing of a notice of appeal "is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). A notice of appeal of a District Court order must be filed no later than thirty days after entry of the judgment or order. Fed. R. App. P. 4(a)(1)(A). While a timely Rule 59(e) motion tolls the period to file a notice of appeal, an untimely motion does not. See Fed. R. App. P. 4(a)(4)(A)(iv); Lizardo v. United States, 619 F.3d 273, 276 (3d Cir. 2010). Sogliuzzo filed his motion thirty-five days after entry of the September 24th order and twenty-five days after entry of the October 4th judgment. Because such motions must be "filed no later than 28 days after the entry of" the judgment, Fed. R. Civ. P. 52(b), 59(e), the motion was untimely as to the former, but was timely as to the latter. Thus, we have jurisdiction over only the October 4th judgment.

We review a "denial of a Rule 59(e) motion for relief from judgment for abuse of discretion (except for questions of law, which are subject to plenary review)." U.S. ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co., 839 F.3d 242, 248 (3d Cir. 2016). We review a district court's ruling on a motion to reopen for abuse of discretion.

4

Gypsum Co. v. Schiavo Bros., 668 F.2d 172, 180 (3d Cir. 1981). "A judgment may be altered under Rule 59(e) if the party seeking reconsideration shows . . . : '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 87 (3d Cir. 2017), as amended (Jan. 25, 2017) (second omission in original) (quoting Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010)). Such a motion must be filed no later than twenty-eight days after entry of the judgment. See Fed. R. Civ. P. 52(b), 59(e).

A

We first address the timeliness of Sogliuzzo's motion. Although the District Court held that, under Local Civil Rule 7.1(i), Sogliuzzo failed to file his motion within fourteen days of entry of the order or judgment. Rule 7.1(i) provides that it does not apply to motions filed under Federal Rules of Civil Procedure 52 and 59. As stated previously, such motions must be "filed no later than 28 days after the entry of" the judgment. See Fed. R. Civ. P. 52(b), 59(e).

Because the motion for reconsideration and to amend the judgment under Rules 52(b) and 59(e) was filed twenty-five days after the District Court entered its final judgment concerning damages, the motion was timely. Cf. Keith v. Truck Stops Corp. of

United States v. Trant, 924 F.3d 83, 90 n.6 (3d Cir. 2019) (citation omitted). "An award of prejudgment interest is reviewed for abuse of discretion." In re Frescati Shipping Co., 886 F.3d 291, 314 (3d Cir. 2018), aff'd sub nom. CITGO Asphalt Ref. Co. v. Frescati Shipping Co., 140 S. Ct. 1081 (2020).

5

Am., 909 F.2d 743, 747 (3d Cir. 1990) (applying earlier version of the rule, and holding that Rule 59(e) motion to add prejudgment interest to damages award in judgment was untimely where it was filed after the time to do so had lapsed).  Nonetheless, Sogliuzzo presented no basis to reconsider or amend the District Court's judgment.

B

The District Court acted within its discretion not to reopen the record or conduct a hearing on the use of the funds for Grimley's benefit.  In general, "whether a trial court will reopen a case to take more testimony is discretionary."  Rochez Bros. v. Rhoades, 527 F.2d 891, 894 n.6 (3d Cir. 1975).  In deciding whether to do so, a district court should consider: (1) "[w]hat burden, if any, will be placed on the parties and their witnesses"; (2) "what undue prejudice may result by not taking new testimony"; and (3) "what consideration should be given to judicial economy."  Id. (citation omitted).

The District Court held a trial at which the parties had an opportunity to present evidence.  The Court appropriately noted that Sogliuzzo's decision to invoke his Fifth Amendment privilege "did not preclude him from introducing evidence that would show that the funds at issue were used for Grimley's benefit."  J.A. 15 n.3.  Because Sogliuzzo had a "full opportunity to present evidence" on a benefit to Grimley, he faced no "undue prejudice" from a refusal to take new testimony.  See Skehan v. Bd. of Trs. of Bloomsburg State Coll., 590 F.2d 470, 478-79 (3d Cir. 1978), abrogated on other grounds by Smith v. City of Pittsburgh, 764 F.2d 188 (3d Cir, 1985).

Sogliuzzo contends, however, that it was "contrary to the remand from this Court for the District Court to  . . .conclude that" he retained the cash and bond proceeds

6

"without conducting a limited hearing" for him to show that the money was used for Grimley's benefit. Appellant's Br. 9. Sogliuzzo is mistaken. In remanding "for a determination of damages," Adkins II, 696 F. App'x at 66, we did not direct that further evidence was required. Moreover, a "failure to specify that further evidence should be taken on remand could, at most, be construed as leaving a decision on the need to reopen the record to the sound discretion of the trial court." Skehan, 590 F.2d at 478. Sogliuzzo had the chance during trial to present evidence about how the funds were used, and thus "any responsibility for inadequacies in that presentation . . . rest[s] with [him]." Id. at 479. As a result, the Court did not abuse its discretion in declining to reopen the record.

## C

Sogliuzzo asserts that the District Court prematurely signed the judgment. Even if the Court erred in signing the judgment without giving Sogliuzzo seven days to object to it,[2] any error is harmless because Sogliuzzo had notice of the proposed damages and

---

[2] Although the District of New Jersey's Local Civil Rule 58.1(b) allows a district court to direct a prevailing party to submit a proposed judgment and gives the adversary seven days to object to its contents, the rule does not require that the Court wait the seven-day period to sign the order. D.N.J. L. Civ. R. 58.1(b) (stating that "[u]nless the Court otherwise directs, if no specific objection to that judgment or order with reasons therefor is received from the adversary within seven days of receipt of the prevailing party's judgment or order, the judgment or order may be signed by the Court").

prejudgment interest calculation when Adkins first filed her supplemental brief after remand and the Court used the correct prejudgment accrual period and interest rate.[3]

An award of prejudgment interest advances two goals: (1) "to compensate the plaintiff for the loss of income that would have been earned on the judgment had it been paid earlier," and (2) "to encourage settlement." Ruff v. Weintraub, 519 A.2d 1384, 1390 (N.J. 1987). To achieve those goals, New Jersey Court Rule 4:42-11(b) provides that "the court shall, in tort actions, . . . include in the judgment simple interest, calculated . . . from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest." N.J. Ct. R. 4:42-11(b). Although Rule 4:42-11(b) states that the interest is calculated from the date the suit is filed or six months after the cause of action arises, the New Jersey Supreme Court directs that where a fiduciary fails "to act prudently with respect to the assets of an estate," it is appropriate to calculate damages from the date of the misconduct. In re Estate of Lash, 776 A.2d 765, 774 (N.J. 2001) (citation omitted) (affirming prejudgment interest calculation from date of defalcation rather than date complaint was filed for breach of fiduciary duty claim against administrator of estate). "[C]alculating [prejudgment] interest from the date of the wrongdoing 'is more equitable in that lost interest is an integral part of the estate's damage claim as a result of the defalcation.'" In re Estate of

_____

[3] "The court's decision to award prejudgment interest in an action based on diversity of citizenship is a question of state law." Meyer v. CUNA Mut. Ins. Soc'y, 648 F.3d 154, 162 (3d Cir. 2011). The parties do not dispute that New Jersey law applies.

<u>Sogliuzzo</u>, No. A-0882-14T2, 2015 WL 9104697, at \*3 (N.J. Super. Ct. App. Div. Dec. 17, 2015) (quoting <u>Lash</u>, 776 A.2d at 774) (awarding prejudgment interest on undue influence claim against Sogliuzzo involving his mother and her estate).  Thus, the District Court correctly calculated the accrual date for prejudgment interest as the date of the misappropriation.

The Court also appropriately awarded interest from the date of misappropriation through entry of the judgment.  Although a court may suspend the running of prejudgment interest in "exceptional cases," it may do so only "where it is demonstrated that the policy, spirit and intent of the rule are patently inapposite to the circumstances at hand."  <u>Ruff</u>, 519 A.2d at 1391 (citation omitted).  Here, Sogliuzzo has identified no extraordinary circumstances showing that the District Court abused its discretion in not suspending accrual of prejudgment interest during the appeals.[4]  <u>See</u> <u>Anderson v. Somberg</u>, 386 A.2d 413, 420 (N.J. Super Ct. App. Div. 1978) (holding no exceptional circumstances to suspend prejudgment interest during appeal since defendant "had the use of the money during the entire period of this litigation").

_____

[4] Sogliuzzo also argues that prejudgment interest should have been suspended for the eighteen months from remand until the case was reopened, but he did not make this argument before the District Court, so we will not consider it on appeal.  <u>Garza v. Citigroup Inc.</u>, 881 F.3d 277, 284 (3d Cir. 2018) ("To preserve a matter for appellate review, a party 'must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits.'" (quoting <u>Shell Petroleum, Inc. v. United States</u>, 182 F.3d 212, 218 (3d Cir. 1999))); <u>Orie v. Dist. Att'y Allegheny Cty.</u>, 946 F.3d 187, 195 (3d Cir. 2019) (declining to consider argument for the first time on appeal where nothing in the record indicated that petitioner had made the argument in the district court).  In any event, the District Court did not abuse its discretion in declining to suspend prejudgment interest during this time because Sogliuzzo did not demonstrate that the "policy, spirit and intent of the rule" compelled it.  <u>Ruff</u>, 510 A.2d at 1391.

Finally, the District Court used the correct prejudgment interest rate. "Prejudgment interest shall be calculated in the same amount and manner provided for by paragraph (a) of [Rule 4:42-11]." N.J. Ct. R. 4:42-11(b). Under paragraph (a), "[f]or judgments exceeding the monetary limit of the Special Civil Part at the time of entry," (here, $15,000), interest is calculated "at the rate provided in subparagraph (a)(ii) plus 2% per annum." N.J. Ct. R. 4:42-11(a)(iii). The Court properly awarded the increased 2% rate under Rule 4:42-11(a)(iii) because the damages award was $391,040, exceeding the $15,000 statutory threshold. See Waldron v. Johnson, 845 A.2d 1287, 1291 (N.J. Super. Ct. App. Div. 2004) (reversing prejudgment interest award, holding that calculation for a damage award of $25,000 should be at a rate that includes the additional 2% specified by Rule 4:42-11(a)(iii)). The Court therefore did not err in its prejudgment interest award.

## III

For these reasons, we will affirm.

10